THE STATE EX REL. JOINT SCHOOL DISTRICT No. 8 OF THE
   TOWNS OF AMHERST AND SCANDINAVIA, Appellant, vs.
   JOINT SCHOOL DISTRICT No. 1 OF THE TOWNS OF AMHERST
   AND LANARK and another, Respondents.

*February 6 — February 26, 1901.*

*Joint school districts: Division of property on creation of new district:
   Parties to the determination.*

Where territory in the town of A. is taken from a joint school dis-
   trict comprising territory in A. and L. to form part of a new joint
   district in A. and S., the supervisors of A. and L. are the only persons
   who, under sec. 420, Stats. 1898, have the right to participate in
   determining the amount which the old joint district should pay
   to the new one by reason of retaining the property; and a deter-
   mination of that question by the supervisors of A. and S. is a nullity.

APPEAL from a judgment of the circuit court for Portage
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

*Mandamus* proceeding to compel the clerk of *Joint School
District No. 1 of the Towns of Amherst and Lanark* to cer-
tify to the town clerks of such towns the proper proportions
of $60.75 to be raised by taxation of property in said *Joint
School District No. 1* of said towns, which sum, it was al-
leged, had theretofore been lawfully awarded to *Joint School
District No. 8 of the Towns of Amherst and Scandinavia* to
be paid by said *Joint School District No. 1*, because of the
creation of the former district in part from territory of the
latter located in said town of Amherst. Issue was joined
as to whether *Joint School District No. 8* was legally cre-
ated. and as to whether $60.75 was at the time of such cre-
ation lawfully apportioned to defendant to pay to said
*District No. 8.*

It appears by the proofs that on June 16, 1898, the super-
visors of the towns of Amherst, Scandinavia, and Lanark
assembled to consider a proposition to establish a new joint
school district to be known as *Joint School District No. 8*

*of the Towns of Amherst and Scandinavia.* A joint school district had existed, known as *Joint School District No. 1*, comprising territory in the towns of Amherst and Lanark, and it was proposed to change that by taking territory therefrom in the town of Amherst for the new district. That was the reason why the supervisors of the town of Lanark took no part in the. proceedings. The school-house of said *Joint School District No. 1* was located in that part of such district within the boundaries of the town of Lanark. The proposition to form the new district was decided favorably thereto, and the supervisors met on September 17, 1898, to determine the value of the property belonging to *District No. 1* and the part thereof which such district should pay to the new district, pursuant to sec. 420, Stats. 1898, on account of the territory taken for the latter from the former. Before a conclusion was reached the meeting adjourned to September 24, 1898. On that day the supervisors of the towns of Amherst and Scandinavia determined that 'the amount of money which the old district should pay to the new district was $60.75, but the supervisors of the town of Lanark refused to consent thereto or to certify such determination to the old district. Upon the decision being reached as aforesaid by the supervisors of the towns of Amherst and Scandinavia, they caused a notice to be made out, addressed to the clerk of said *District No. 1*, to the effect that a new district had been established in part from territory taken from said *District No. 1*, and that the latter was indebted to the former to the amount of $60.75, as its share of the school district property retained by the old district, and that said sum should be raised by a tax upon the property of said district for the benefit of the new district. The supervisors of the town of Lanark refused to sign said notice because the sum of $60.75 was excessive, but they offered to pay the sum of $24.50. The notice was delivered to the clerk of the old district, but he refused to certify to the

clerks of the towns of Lanark and Amherst their respective shares to be raised by taxation upon the property in their respective towns comprising *Joint School District No. 1.*

On such facts the court decided that the order to the clerk of *Joint School District No. 1* was void and that defendant was entitled to have the alternative writ of *mandamus* quashed and to have judgment for costs. The cause was so disposed of, judgment being rendered in favor of defendant.

For the appellant the cause was submitted on the brief of *Cate, Lamoreux & Park.*

For the respondents there was a brief by *E. L. & E. E. Browne,* and oral argument by *E. E. Browne.*

MARSHALL, J.  It seems clear that the only persons who had any right to participate in determining the amount of money *School District No. 1 of the Towns of Amherst and Lanark* should pay to the new joint school district by reason of retaining the school-house and other school district property, were the supervisors of those two towns. The matter did not concern the town of Scandinavia at all. It had no interest in the property of the old district. Whatever was to come from such district was to be in money and be credited by it to that part thereof located in the town of Amherst which was taken from the old district, and was to be raised, in part, by taxation of that part of the old district remaining in the town of Amherst. Clearly, the town of Scandinavia, under sec. 420, Stats. 1898, was a stranger to the proceedings to determine the amount to be paid by the old district as much as if it were not concerned in such district at all. The supervisors of Amherst and Lanark, under such section, constituted the board upon which was imposed the duty of valuing the property of *School District No. 1,* and the amount justly due from it to the new creation. The determination of that question by

the supervisors of the towns of Amherst and Scandinavia was a nullity, and therefore it did not furnish a legitimate basis for the clerk of the old district to certify to the town clerks of Amherst and Lanark the amount to be raised by taxation upon the property of their respective towns composing the old district, for the benefit of the new one. It follows that there was no failure on the part of such clerk to perform an official duty, rendering him liable in *mandamus* proceedings. *State ex rel. Bement v. Rice,* 35 Wis. 178.

*By the Court.*— The judgment is affirmed.